UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTHA HALL,

     Plaintiff,

                                       Case No. 14-

-vs-

                                       Hon.

LITTLE ROCK BAPTIST
CHRISTIAN, L.L.C., a Michigan
Domestic Limited Liability Company,
and LITTLE ROCK BAPTIST CHARITY
CARE CENTER, INC., a Michigan
Domestic Profit Corporation, d/b/a
LAKESHORE HEALTHCARE
SKILLED NURSING & SPECIALTY
CARE – WOODWARD CAMPUS,
jointly and severally,

     Defendants.

---

Barry S. Fagan  (P34275)
DIB AND FAGAN, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
bfagan@dibandfagan.com

---

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action
arising out of the transaction or occurrence
alleged in the Complaint.

    NOW COMES Plaintiff, MARTHA HALL, by and through her

attorneys, DIB AND FAGAN, P.C., and for her cause of action against the

Defendants, jointly and severally, states as follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff, MARTHA HALL (hereinafter "HALL"), is an individual residing in the City of Detroit, County of Wayne, State of Michigan.

2. Defendant, LITTLE ROCK BAPTIST CHRISTIAN, L.L.C. is a Michigan Domestic Limited Liability Company and at all times pertinent hereto did own and/or operate Lakeshore Nursing Home located in the City of Detroit, County of Wayne, State of Michigan.

3. Defendant, LITTLE ROCK BAPTIST CHARITY CARE CENTER, INC., d/b/a LAKESHORE HEALTHCARE SKILLED NURSING & SPECIALTY CARE – WOODWARD CAMPUS is a Michigan Domestic Profit Corporation and at all times pertinent hereto did own and/or operate Lakeshore Nursing Home located in the City of Detroit, County of Wayne, State of Michigan.

4. This Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1367 (supplemental), and 42 U.S.C. §12101 et seq.

5. The amount in controversy is in excess of $75,000.00, exclusive of interest, costs, attorney fees and punitive damages.

## GENERAL ALLEGATIONS

6. Plaintiff, HALL, became an employee of Defendants on

2

September 13, 2012 as the Director of Admissions at Lakeshore Nursing Home.

7. HALL has a history of breast cancer.

8. In March 2013, HALL was advised by her physician that there was a recurrence of her breast cancer.

9. HALL advised the Administrator of the nursing home, Martha Little, as well as the Human Resources Director, Jackie Mayes-Hope, that she had been diagnosed with a recurrence of her breast cancer and that she would be in need of ongoing medical treatment including surgery and radiation.

10. HALL was subsequently scheduled for surgery related to her breast cancer and was scheduled to go on leave on May 9, 2013.

11. After advising Defendants that she would be taking a medical leave, HALL was called to a meeting on May 7, 2013 by Martha Little and Jackie Mayes-Hope and informed that she was being placed on a Performance Improvement Plan and a thirty day probationary period, allegedly based upon poor performance.

12. The Performance Improvement Plan was without any legitimate basis and the allegations of performance issues were false.

13. HALL went on her medical leave on May 9, 2013 and while on

her leave HALL advised Defendants of her medical status and submitted appropriate documentation from her medical care providers regarding her status to Defendants.

14. HALL was cleared to return to work by her physician effective June 24, 2013 and a note from her physician confirming that was faxed to Defendants.

15. HALL was not permitted to return to work on June 24th and on June 26, 2013 HALL was sent a letter from Martha Little terminating HALL's employment effective June 26, 2013 claiming that HALL refused to follow the facilities' instructions and/or policies related to her medical leave.

16. The alleged reason for HALL's termination was false.

17. HALL filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 3, 2013 and subsequently a Notice of Right to Sue was issued by the EEOC on March 12, 2014.

## COUNT I
## VIOLATION OF THE AMERICAN'S WITH DISABILITIES ACT

18. Plaintiff incorporates paragraphs 1 through 17 above as if specifically repeated herein.

19. At all times relevant hereto, Plaintiff HALL was an "employee" and Defendants were "employers," within the meaning of the Americans

4

with Disabilities Act of 1990, as amended, hereinafter referred to as the "ADA."

20. At all times relevant hereto, HALL suffered from a disability, was regarded by Defendants as suffering from a disability, and/or had a history of a disability under the ADA.

21. Defendants had a duty under the ADA not to discharge or otherwise discriminate against HALL in her employment on the basis of such disability, perceived disability, and/or history of disability.

22. HALL's disability did not affect her ability to perform the essential functions of her job, with reasonable accommodation(s).

23. Defendants violated HALL's rights under the ADA, on the basis of her disability, perceived disability, and/or history of disability by, including, but not limited to, the following:

      (a)    Subjecting HALL to a hostile work environment;

      (b)    Placing HALL on a Performance Improvement Plan;

      (c)    Failing to accommodate HALL;

      (d)    Terminating HALL's employment;

      (e)    Other acts of discrimination with respect to the terms, conditions, and privileges of HALL's employment.

24. As a result of Defendants' discriminatory conduct toward HALL, HALL has suffered substantial economic and non-economic injuries and

damages, past and future, including, but not limited to:

    (a)    Loss of wages, both in the past and in the future;

    (b)    Loss of the value of benefits, both in the past and in the future;

    (c)    Loss of promotional opportunities;

    (d)    Loss of earning capacity;

    (e)    Extreme embarrassment, humiliation, mental anguish, disappointment, outrage and indignity;

    (f)    Other injuries and damages that become known through the discovery process.

25.    The above-referenced discriminatory conduct by Defendants toward HALL was malicious and/or engaged in with reckless indifference to HALL's federally protected civil rights and, as a result, HALL is entitled to punitive damages.

26.    HALL also seeks equitable relief, including back-pay, front-pay, and other equitable relief the Court deems appropriate.

WHEREFORE, Plaintiff HALL prays for Judgment against Defendants, jointly and severally, in whatever amount the Court or jury determines to be fair, just, and adequate compensation for the injuries and damages sustained, together with interest, costs, punitive damages, and attorney fees.  Plaintiff HALL also seeks equitable relief including back-pay, front-pay, or other equitable relief the Court deems appropriate.

## COUNT II
## VIOLATION OF THE PERSONS
## WITH DISABILITIES CIVIL RIGHTS ACT

27. Plaintiff incorporates paragraphs 1 through 26 above as if specifically repeated herein.

28. At all times relevant herein, HALL was an "employee" and Defendants were "employers" under the Michigan Persons with Disabilities Civil Rights Act, hereinafter referred to as the "PWDCRA," MCL 37.1101 et seq.

29. At all times relevant hereto, HALL had a disability, was regarded by Defendants as having a disability, and/or a history of a disability as defined under the PWDCRA.

30. Defendants had a duty under the PWDCRA, not to discharge or otherwise discriminate against HALL in her employment on the basis of such disability, perceived disability, and/or history of disability.

31. HALL's disability did not affect her ability to perform the essential functions of her job, with reasonable accommodation(s).

32. Defendants violated HALL's rights under the PWDCRA, as HALL's disability, perceived disability, and/or history of disability was a motive or reason, that made a difference in Defendants' conduct toward

7

her, including, but not limited to, the following:

    (a)    Subjecting HALL to a hostile work environment;

    (b)    Placing HALL on a Performance Improvement Plan;

    (c)    Failing to accommodate HALL;

    (d)    Terminating HALL's employment;

    (e)    Other acts of discrimination with respect to the terms, conditions, and privileges of HALL's employment.

33.    As a result of Defendants' discriminatory conduct toward HALL, HALL has suffered substantial economic and non-economic injuries and damages, past and future, including, but not limited to:

    (a)    Loss of wages, both in the past and in the future;

    (b)    Loss of the value of benefits, both in the past and in the future;

    (c)    Loss of promotional opportunities;

    (d)    Loss of earning capacity;

    (e)    Extreme embarrassment, humiliation, mental anguish, disappointment, outrage and indignity;

    (f)    Exemplary damages;

    (g)    Attorney fees;

    (h)    Other injuries and damages that become known through the discovery process.

34.    HALL also seeks equitable relief, including back-pay, front-pay,

or other equitable relief the Court deems appropriate.

WHEREFORE, Plaintiff HALL prays for Judgment against Defendants, jointly and severally, in whatever amount the Court or jury determines to be fair, just, and adequate compensation for the injuries and damages sustained, together with interest, costs, and attorney fees. Plaintiff HALL also seeks equitable relief including back-pay, front-pay, or other equitable relief the Court deems appropriate.

DIB AND FAGAN, P.C.


By: /s/ *Barry S. Fagan*

Barry S. Fagan  (P34275)
Attorney for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
bfagan@dibandfagan.com

Dated:  May 23, 2014

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTHA HALL,

    Plaintiff,

                                        Case No. 14-

-vs-
                                        Hon.

LITTLE ROCK BAPTIST
CHRISTIAN, L.L.C., a Michigan
Domestic Limited Liability Company,
and LITTLE ROCK BAPTIST CHARITY
CARE CENTER, INC., a Michigan
Domestic Profit Corporation, d/b/a
LAKESHORE HEALTHCARE
SKILLED NURSING & SPECIALTY
CARE – WOODWARD CAMPUS,
jointly and severally,

    Defendants.

---

Barry S. Fagan  (P34275)
DIB AND FAGAN, P.C.
Attorneys for Plaintiff
25892 Woodward Avenue
Royal Oak, MI  48067-0910
(248) 542-6300
bfagan@dibandfagan.com

---

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, by and through her attorneys, DIB AND FAGAN,

P.C., and hereby demands trial by jury on the above matter.

Respectfully submitted,

DIB AND FAGAN, P.C.

By: /s/ *Barry S. Fagan*

Barry S. Fagan (P34275)
Attorney for Plaintiff
25892 Woodward Avenue
Royal Oak, MI 48067-0910
(248) 542-6300

Dated: May 23, 2014                    bfagan@dibandfagan.com

11